UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **Brock Stallsmith**,<br><br>        Plaintiff,<br><br>v.<br><br>**Great Lakes Brig, LLC**, an Ohio limited liability company, and **Albert Ammerman**,<br><br>        Defendants. | No.<br><br>**COMPLAINT** |

Plaintiff, Brock Stallsmith ("Plaintiff"), sues the Defendants, Great Lakes Brig, LLC and Albert Ammerman (collectively "Defendants") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; Ohio Revised Code Ann. ("ORC") § 4111.01; and ORC § 4113.15 for Defendant's failure to pay Plaintiff all earned minimum wages and all earned wages.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207.

3. ORC § 4111.01 establishes the law regarding minimum wage within the State of Ohio.

4. ORC § 4113.15 establishes the law regarding the payment of wages within the State of Ohio.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the Northern District of Ohio, and Defendant regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

7. At all material times, Plaintiff is an individual residing in Ottawa County, Ohio, and is a former employee of Defendant.

8. At all material times, Defendant Great Lakes Brig, LLC., is a limited liability company duly licensed to transact business in the State of Ohio. At all material times, Defendant Great Lakes Brig, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Ottawa County, Ohio.

9. At all material times, Defendant does business as "Great Lakes Brig."

10. At all relevant times, Defendant Great Lakes Brig, LLC was an employer under the FLSA. The FLSA defines "employer" as any person who acts directly or indirectly in the

interest of an employer in relation to an employee. At all relevant times, Defendant Great Lakes Brig, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendant. As a person who acted in the interest Great Lakes Brig, LLC in relation to the company's employees, Defendant Great Lakes Brig, LLC is subject to liability under the FLSA.

11. Defendant Albert Ammerman. is an owner of Defendant Great Lakes Brig, LLC and was at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

12. Under the FLSA, Defendant Albert Ammerman is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. Defendant Albert Ammerman is an owner of Defendant Great Lakes Brig, LLC. At all relevant times, Albert Ammerman had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Albert Ammerman is subject to individual liability under the FLSA.

13. At all material times, Defendants are Plaintiff's "employer" as defined by Ohio Revised Code § 4111, *et seq*.

14. At all material times, Defendants are Plaintiff's "employer" as defined by Ohio Revised Code § 4113, *et seq*.

15. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

16. Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

17. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

18. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

19. Plaintiff, in his work for Defendants, regularly handled goods produced or transported in interstate commerce.

20. Plaintiff, in his work for Defendants, regularly produced goods for interstate commerce.

## NATURE OF THE CLAIM

21. Defendants own and/or operate as Great Lakes Brig, an enterprise located in Ottawa County, Ohio.

22. Plaintiff was hired by Defendant as a laborer and worked for Defendants from approximately March 2018 through approximately May 5, 2018.

23. Defendant, in its sole discretion, agreed to pay Plaintiff $11.00 per hour for all hours he worked.

24. In his final week of work, Plaintiff worked 36.5 hours for Defendants.

25. Plaintiff was not compensated any wage whatsoever for the final workweek of his employment with Defendant.

26. When Plaintiff left his employment with Defendants, Defendant Albert Ammerman became irate, and Plaintiff and Defendant Albert Ammerman engaged in a verbal altercation.

27. Defendant Albert Ammerman told Plaintiff at that time that he was not going to give him his paycheck, and explicitly stated, "Have fun trying to get paid."

28. Rather than pay Plaintiff his paycheck for that workweek, Defendants withheld Plaintiff's paycheck for approximately six months until it expired.

29. During that time, Plaintiff made phone calls and other attempts to contact Defendants to obtain his paycheck, all of which went ignored.

30. Despite Plaintiff performing work for Defendants in approximately May 2018, Plaintiff did not receive his paycheck until December 2018, at which time the check was expired and void.

31. As a result of Defendants' actions, Plaintiff never received compensation for this final week of work despite having worked approximately 36.5 hours for Defendants at that time.

32. Defendants knew, or should have known, that their decision to withhold Plaintiff's paycheck until after it expired, thus intentionally providing Plaintiff with a void paycheck, and failing to provide Plaintiff with a replacement check, would violate the FLSA and Ohio wage laws.  Therefore, Defendants' violation constitutes a willful violation

33. As a result of Defendant's willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendant has violated 29 U.S.C. § 206(a).

34. As a result of Defendant's willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendant has violated ORC § 4111.

35. As a result of Defendant's willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendant has violated ORC § 4113.

36. Defendant has and continues to violate the FLSA by not paying Plaintiff the full applicable minimum wage for all hours worked during his final workweek.

37. Defendant has and continues to violate ORC § 4111 by not paying Plaintiff the full applicable minimum wage for all hours worked during his final workweek.

38. Defendant has and continues to violate the ORC § 4113 by not paying Plaintiff any wage whatsoever for all hours worked during his final workweek.

39. Plaintiff is a covered employee within the meaning of the FLSA.

40. Plaintiff is a covered employee within the meaning of ORC § 4111.

41. Plaintiff is a covered employee within the meaning of ORC § 4113.

42. Plaintiff was a non-exempt employee.

43. Defendant refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

44. Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

45. Due to Defendant's illegal wage practices, Plaintiff is entitled to recover from Defendant compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

46. Due to Defendant's illegal wage practices, Plaintiff is entitled to recover from Defendant compensation for unpaid wages, an additional amount equal to twice the unpaid wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under §34(a) of Article II of the Ohio Constitution.

47. Due to Defendant's illegal wage practices, Plaintiff is entitled to recover from Defendant compensation for unpaid wages, liquidated damages, interest, and attorneys' fees under ORC § 4113.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

48. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

49. Defendant willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during the final workweek of his employment.

50. Defendant's practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the FLSA, 29 U.S.C. § 206(a).

51. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Brock Stallsmith, individually, respectfully request that the Court grant relief in Plaintiff's favor, and against Defendant for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT TWO: OHIO REVISED CODE § 4111.01
## FAILURE TO PAY MINIMUM WAGE

52. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

53. Defendant willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during the final workweek of his employment.

54. Defendant's practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates ORC § 4111.01.

55. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Brock Stallsmith, individually, respectfully requests that the Court grant relief in Plaintiff's favor, and against Defendant for compensation for unpaid minimum wages, plus an additional amount equal to twice the unpaid minimum wages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT THREE: OHIO REVISED CODE § 4113
### FAILURE TO PAY WAGES OWED

56. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

57. Defendant willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during the final workweek of his employment.

58. Defendant's practice of willfully failing to pay Plaintiff wages for labor performed violates ORC § 4113.

59. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Anthony Patete, individually, respectfully requests that the Court grant relief in Plaintiff's favor, and against Defendant for compensation for unpaid wages, liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

RESPECTFULLY SUBMITTED this 28th day of October, 2020.

                                        BENDAU & BENDAU PLLC

                                        By: /s/ *Christopher J. Bendau*
                                        Clifford P. Bendau, II (OH No. 0089601)
                                        Christopher J. Bendau
                                        BENDAU & BENDAU PLLC
                                        P.O. Box 97066
                                        Phoenix, Arizona 85060
                                        Telephone AZ: (480) 382-5176
                                        Email: cliffordbendau@bendaulaw.com
                                                   chris@bendaulaw.com

                                        THE LAW OFFICES OF SIMON & SIMON

                                        By: /s/ *James L. Simon*
                                        James L. Simon (OH No. 0089483)
                                        6000 Freedom Square Dr.
                                        Independence, OH 44131
                                        Telephone: (216) 525-8890
                                        Facsimile: (216) 642-5814
                                        Email: jameslsimonlaw@yahoo.com